UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNISSA SHIRLEY DUNNELL, Plaintiff, -vs- CAROLYN W. COLVIN, Commissioner of Social Security,[1] Defendant. | NO. CV-12-0047-WFN<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-Motions for Summary Judgment (ECF Nos. 15 and 24). Attorney Lora Lee Stover represents Plaintiff. Special Assistant United States Attorney Terrye E. Shea represents Defendant. The Court has reviewed the administrative record and briefs filed by the parties and is fully informed.

**JURISDICTION**

On November 4, 2009m, Plaintiff protectively applied for social security income [SSI] benefits, alleging disability beginning on February 1, 2008, due to chronic epilepsy . The application was denied initially and on reconsideration.

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

At a hearing before Administrative Law Judge [ALJ] R. J. Payne on March 30, 2011, Plaintiff, represented by counsel, and medical experts testified. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court. Plaintiff sought judicial review on January 12, 2013.

**FACTS**

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here. Plaintiff was nineteen years old at the time of the hearing. She did not complete high school, but was in the midst of course work to earn her GED. Plaintiff has had two grand mal seizures in her life, and none that she is aware of for the last two and a half years. She has an abnormal area in the left temporal lobe. She is on anti-seizure medication and stays compliant. She has a cognitive disorder of unknown origin. She has never worked.

**ADMINISTRATIVE DECISION**

In his thorough opinion, the ALJ found Plaintiff has two severe impairments, but is not disabled. At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that Plaintiff has two severe impairments: seizure disorder and cognitive disorder, not otherwise specified. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that Plaintiff has the residual functional capacity to perform a full range of work at all exceptional levels, but that she has non-exertional limitations. He did note that the possibility of seizure did limit access to hazardous conditions or triggers for seizures such as concentrated exposure to noise, vibration, fumes, odors, and others. Since Plaintiff had no past relevant work, the ALJ moved to step five. Upon consulting the grids, the ALJ deter-

mined that jobs exist in significant numbers in the national economy that the Plaintiff can perform.

**STANDARD OF REVIEW**

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F,3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

**ISSUES**

Plaintiff presents two issues: (1) the ALJ erred assessing Plaintiff's residual functional capacities, specifically the ALJ should have called a vocational expert as a witness; and (2) the record does not support the ALJ's decision that Plaintiff is not disabled.

**DISCUSSION**

Plaintiff's main concern in the first assignment of error is the lack of vocational expert. "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999). "The Commissioner's need for efficiency justifies use of the grids at step five where they completely and accurately represent a claimant's limitations." *Id.* at 1101.

"[T]he fact that a non-exertional limitation is alleged does not automatically preclude application of the grids. The ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations." *Id.* at 1102.

The ALJ properly applied the grids. Though the ALJ determined that Plaintiff's cognitive disorder has some effect on her functioning, he found that the non-exertional limitations did not limit Plaintiff's range of work. The ALJ's determination that Plaintiff is able to perform work in all exertional categories and that the non-exertional imitations have little or no effect on the occupational base of unskilled work at all exertional levels is supported by substantial evidence. Based on those findings, application of the grids completely and accurately represented Plaintiff's abilities and limitations. *Id.* at 1101.

Regarding Plaintiff's more general second complaint that the ALJ's opinion is not supported by the evidence, the Court disagrees. The ALJ's detailed opinion makes it clear that the ALJ examined all evidence submitted, expanded the record where necessary, and all conclusions of fact are supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Summary Judgment, filed February 14, 2013, **ECF No. 24**, is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, filed October 1, 2012, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED.**

**DATED** this 2nd day of May, 2013.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

05-01-13